Oleksiy **KVARTENKO**, Petitioner,

v.

John **ASHCROFT**, Attorney General Respondent.

No. 00–71076.

I & NS No. A77 541 647.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2002.*

Decided Feb. 14, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before POLITZ,** CANBY, and KLEINFELD, Circuit Judges.

## MEMORANDUM***

Oleksiy Kvartenko, a citizen of Ukraine, petitions this court to review the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(b). Because the BIA's decision was supported by substantial evidence, we deny the petition for review.

## BACKGROUND

Oleksiy Kvartenko entered the United States at New York City as a nonimmigrant with authorization to remain for a period not to exceed 180 days. Kvartenko did not depart within the allotted period. The INS issued him a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1227(a)(1)(B), for having remained in the United States beyond the permitted time period.

Kvartenko admitted the allegations contained in the Notice to Appear but applied for asylum, withholding of removal, and Torture Convention protection. After an asylum hearing, the Immigration Judge ("IJ") denied Kvartenko's applications, granted him voluntary departure, and ordered him deported to Ukraine should he fail to depart. Kvartenko appealed. The BIA upheld the IJ's order of removal and dismissed his appeal. Kvartenko timely filed this petition.[1]

---

** Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Kvartenko does not challenge the denial of protection under the Convention Against Torture in his brief to this court, and thus has

## DISCUSSION

The Attorney General has the discretion to grant asylum to refugees.[2] A refugee is a person unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[3] To qualify for asylum, the applicant's well-founded fear of persecution must be both subjectively genuine and objectively reasonable.[4] An alien satisfies the subjective component by credibly testifying that he genuinely fears persecution.[5] An alien satisfies the objective component either by establishing he is a victim of past persecution or by showing he has a good reason to fear future persecution.[6] Persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive."[7] Harassment and discrimination do not ordinarily amount to persecution within the meaning of the statute.[8]

When, as here, the BIA conducted its own examination of the administrative record, we review the BIA's decision rather than the IJ's.[9] We review the BIA's asylum ineligibility determination under a substantial evidence standard.[10] This standard is "extremely deferential."[11] To prevail, Kvartenko must show that the evidence not only supports, but compels the conclusion that the BIA's decision to deny asylum was incorrect.[12] In determining whether substantial evidence supports the BIA's decision, we must evaluate the entire record.[13]

Kvartenko contends that the IJ and BIA erred because his testimony was straightforward and credible. Further, he contends that the harmed he suffered rises to the level persecution because of his membership in a particular social group—homosexuals. We disagree.

■ Our review of the record persuades us that the BIA provided clear and convincing reasons for determining that Kvartenko was not eligible for asylum because of his sexual orientation. Kvartenko testified to two specific encounters with police—one when officers arrested him, and another when he and gay friends were stopped, searched, and hit with night sticks. The BIA specifically noted that during Kvartenko's past encounters with police, he was never charged with a crime due to his homosexuality, nor seriously injured. Further, although police threatened to have Kvartenko expelled from college because of his sexual orientation, he graduated with his degree without hindrance and successfully found suitable employment. Moreover, he received govern-

waived the issue. *See Mendoza v. Block,* 27 F.3d 1357, 1363 (9th Cir.1994).

2. *See I.N.S. v. Cardoza–Fonseca,* 480 U.S. 421, 428 n. 5, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

3. *Id.* at 428; 8 U.S.C. § 1101(a)(42)(A).

4. *Mgoian v. I.N.S.,* 184 F.3d 1029, 1035 (9th Cir.1999).

5. *Id.*

6. *Id.*

7. *Ghaly v. I.N.S.,* 58 F.3d 1425, 1431 (9th Cir.1995) (citation omitted).

8. *See Singh v. I.N.S.,* 134 F.3d 962 (9th Cir. 1998).

9. *Mgoian v. I.N.S.,* 184 F.3d 1029, 1034 (9th Cir.1999).

10. *Id.*

11. *Ghaly,* 58 F.3d at 1431.

12. *Id.*

13. *Mgoian,* 184 F.3d at 1034.

ment unemployment benefits after being laid off. The BIA found that these incidents amount, at most, to harassment, and not persecution. We agree.

■ Kvartenko also testified that a private citizen cut his hair under threat of a beating. We find this incident unpersuasive. The BIA's opinion correctly explains that the law requires the persecutor to be either the government or a non-governmental entity which the government is unwilling or unable to control.[14] Kvartenko provides no evidence of the government's inability or unwillingness to control such street thugs. We find the harm suffered does not rise to the level of persecution. We therefore conclude that substantial evidence supports the BIA's determination that Kvartenko failed to prove past persecution under the statute.

■ Additionally, we find substantial evidence supports the BIA's finding that Kvartenko's fear of future persecution is not objectionably reasonable. Kvartenko testified that he fears arrest and imprisonment on account of his homosexuality should he return to Ukraine. He also testified that he fears harm or death should he enter the military. The BIA found these fears unfounded. We agree. As the BIA explained, the record shows Ukraine does not criminalize homosexuality generally, but rather only outlaws sexual relations between men that result from violence, threats or victimization. Further, the BIA noted that the record provides no evidence that Kvartenko must serve in the Ukraine army upon his return. Additionally, we find Kvartenko's own testimony undercuts his fear. He stated that he received a recruitment notice in 1995, but ignored it without repercussions. Based on our review of the record, we find that substantial evidence supports the BIA's conclusion that Kvartenko has failed to show a well-founded fear of persecution.

We find that the BIA considered the appropriate factors in assessing Kvartenko's application for asylum. The evidence of record simply does not compel the conclusion that the BIA's denial of asylum was erroneous. Finding that substantial evidence supports the BIA's decision, we must conclude that Kvartenko is not eligible for asylum. Because Kvartenko failed to establish his eligibility for asylum, he necessarily failed to establish a claim for withholding of removal.[15] Accordingly, his petition is DENIED and the decision of the BIA is AFFIRMED.

---

14. *See Singh v. I.N.S.,* 94 F.3d 1353, 1360 (9th Cir.1996).

15. *See Ghaly v. I.N.S.,* 58 F.3d 1425, 1429 (9th Cir.1995).